IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Stevie Prince, Jr., ) | |
| ) | Civil Action No.: 8:20-cv-00823-JMC |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| Warden of Bennettsville Federal ) | |
| Correctional Institution, ) | |
| Respondent. ) | |

Proceeding *pro se*, Petitioner brought this habeas action, seeking relief under 28 U.S.C. § 2241 challenging his federal conviction for being a felon in possession of a firearm in violation of 28 U.S.C. § 922(g)(1). (ECF No. 1). This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 12), filed on March 23, 2020, recommending that Stevie Prince, Jr.'s ("Petitioner") Motion for Relief (ECF No. 1) be denied because the court lacks jurisdiction over his Petition. (ECF No. 12).

The Magistrate Judge's Report is made under 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C. "The [c]ourt is not bound by the recommendation of the magistrate judge, but instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. 28 U.S.C. § 636(b)(1).

Petitioner was advised of his right to file objections to the Report. (ECF No. 12 at 9.) Petitioner filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record, in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and **DISMISSES** the Petition without prejudice.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debateable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

*J. Michelle Childs*
United States District Judge

June 18, 2020
Columbia, South Carolina